**JIAN GAN ZHEN, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–74055.

United States Court of Appeals, Ninth Circuit.

Submitted March 16, 2010.*

Filed March 25, 2010.

Albert Chow, Lin & Chow, Monterey Park, CA, for Petitioner.

Brianne Whelan Cohen, Trial, OIL, Jem C. Sponzo, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Le-Fevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Jian Gan Zhen, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Wakkary v. Holder,* 558 F.3d 1049, 1056 (9th Cir.2009), and we deny the petition.

Substantial evidence supports the agency's finding that the incident in which government officials slapped Zhen for refusing to pay a bribe did not rise to the level of persecution, *see Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995), and the agency's finding that the economic harms Zhen suffered did not rise to the level of persecution, *see Gormley v. Ashcroft,* 364 F.3d 1172, 1177–80 (9th Cir.2004). In addition, substantial evidence supports the agency's conclusion that Zhen's refusal to pay the bribe to government officials was insufficient to establish either that he was a whistle-blower, or that the government officials harmed him on account of a protected ground. *See INS v. Elias–Zacarias,* 502 U.S. 478, 482–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (record did not establish persecution was on account of a protected ground); *cf. Borja v. INS,* 175 F.3d 732, 736–37 (9th Cir.1999) (en banc) (explaining that 'extortion plus' is necessary to satisfy nexus requirement). Accordingly, Zhen's asylum claim fails.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.